IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SCOTT WAYNE BEARD                                                                                    PLAINTIFF

v.                                              Civil No. 6:21-cv-06134-RTD-MEF

NURSE BRIDGET JOHNSON,                                                                          DEFENDANTS
PHARMACY TECHNICIAN JOHN DOE,
PHARMACY OWNER JOHN DOE,
CHIEF DEPUTY STEVEN ELROD,
DR. MISS KENDRA, and
JANE AND JOHN DOE

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Robert T. Dawson, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Defendant Elrod's Motion to Dismiss this case based upon Plaintiff's failure to obey a Court Order and failure to prosecute this case. (ECF No. 63).

### I.     BACKGROUND

Plaintiff, who is no longer incarcerated, failed to appear for his scheduled deposition on July 11, 2022. Defendants Elrod, Johnson, and Kendra filed a Joint Motion for Sanctions and to Continue Scheduling Order on July 27, 2022. (ECF No. 55). In their Motion they requested that they be awarded reasonable costs and the case be dismissed. (*Id*.). On August 29, 2022, the Court entered an Order granting reasonable costs as a sanction, but declining to dismiss the case outright. (ECF No. 60). Defendants were directed to submit an itemization of attorney's fees and costs by September 13, 2022. (*Id*. at 3). Plaintiff was directed to immediately contact

1

Defendants' counsel to reschedule the deposition. (*Id*.). Plaintiff was advised that if he failed to contact Defendants' counsel or failed to attend the rescheduled deposition, his case would be subject to dismissal. (*Id*.). Defendants were directed to notify the Court of any non-compliance by filing a motion to dismiss. (*Id*.).

Defendant Elrod's counsel filed a Response to the Order on August 31, 2022, detailing reasonable costs of $510.00. (ECF No. 62). On September 23, 2022, Defendant Elrod filed a Motion to Dismiss. (ECF No. 63). As grounds, Defendant Elrod's counsel stated that as of the date of filing, Plaintiff had not contacted her to reschedule his deposition, and further noted that Plaintiff's last communication with the Court was July 15, 2022. (*Id*. at 1). Defendant Elrod asks that the Court dismiss Plaintiff's case for failure to obey a Court Order and failure to prosecute this case. (*Id*. at 2).

## II.     LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that

the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III.     ANALYIS

Plaintiff has failed to comply with a Court Order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV.     CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE. It is further recommended that Plaintiff be permitted to file a Motion to Reopen this case only upon showing that he has paid the $510.00 in reasonable costs to Defendant Elrod's counsel.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of September 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

3